MEMORANDUM OPINION




No. 04-03-00913-CR



Carlos TORRES,


Appellant



v.



The STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CR-8355


Honorable Olin Strauss, Judge Presiding



PER CURIAM


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: March 24, 2004 


DISMISSED FOR LACK OF JURISDICTION

 Appellant was sentenced on August 22, 2003. Appellant filed a motion for new trial on
September 25, 2003; however, the motion for new trial was due to be filed on September 22, 2003.
Tex. R. App. P. 21.4. In response to this court's show cause order, appellant's attorney stated that
he timely mailed the motion for new trial on September 22, 2003. Based on that information, we
found that the motion for new trial was timely filed. As a result, the notice of appeal was required
to be filed no later than November 20, 2003, or ninety days from the date sentence was imposed. See
Tex. R. App. P. 26.2(a)(2). In the response, appellant's attorney stated that he mailed the notice of
appeal on November 22, 2003. In order to be timely filed by mail pursuant to Tex. R. App. P. 9.2(b),
the notice of appeal must have been deposited in the mail on or before the last day for filing. Based
on the verified response of appellant's attorney, the notice of appeal was deposited in the mail two
days after the deadline. Furthermore, even if the notice of appeal had been timely deposited in the
mail, the notice of appeal must have been received by the district clerk within ten days after the filing
deadline, or by December 1, 2003, to be considered timely filed. (1) See Tex. R. App. P. 9.2(b). In this
case, the notice of appeal was not received by the district clerk's office until December 8, 2003;
therefore, the notice of appeal is not considered timely filed in accordance with Tex. R. App. P.
9.2(b).

 Appellant has not responded to this court's second order for appellant to show cause why this
appeal should not be dismissed for lack of jurisdiction. When a notice of appeal is filed late and
appellant fails to timely file a motion for extension of time, the appellate court lacks jurisdiction. Olivo
v. State, 918 S.W.2d 519, 524 (Tex. Crim. App. 1996); see also Ater v. Eighth Court of Appeals, 802
S.W.2d 241 (Tex. Crim. App. 1991)(out-of-time appeal from final felony conviction may be sought
by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).
 In this case, appellant's notice of appeal was filed late, and no timely motion for extension of time
was filed. Accordingly, this appeal is dismissed for lack of jurisdiction.

 PER CURIAM

DO NOT PUBLISH


1. Ten days from November 20, 2003, is November 30, 2003; however, because November 30, 2003, was a
Sunday, the deadline was extended to December 1, 2003.